COMMONWEALTH *vs.* JAMES H. FINN.

An indictment for receiving stolen money may lay the money as the property of the person from whom it was stolen, although he himself stole it from the true owner.

At the trial of an indictment for receiving stolen goods, the judge instructed the jury that they would be authorized to find guilty knowledge, if the defendant received the goods under such circumstances as would satisfy a man of ordinary intelligence and caution that they were stolen. *Held,* that the defendant had *no ground of exception,* although he had introduced evidence that he was drunk when he received the goods.

INDICTMENT containing two counts, the first for robbing Richard Dootson, the second for receiving thirty-one gold sovereigns, of the property of Dootson, knowing them to have been stolen.

At the trial in the superior court for Norfolk, before *Dewey,* J., it appeared that Dootson stole the sovereigns from their real owner, and afterwards on the same day was robbed of them by Lot Armstrong; and there was evidence that the defendant received the sovereigns from Armstrong. As to the defendant's guilty knowledge, there was conflicting testimony; and he introduced evidence of good character, and that he was drunk at the time when the sovereigns were received.

The judge, against the objection of the defendant, instructed the jury that they would be authorized to find the ownership of

the sovereigns to be in Dootson, if they were satisfied that he had actual possession of them at the time of the robbery ; and on the question of guilty knowledge, instructed them that, if the defendant received the sovereigns under such circumstances as would satisfy a man of ordinary intelligence and caution that they were stolen, they would be authorized to find the guilty knowledge charged.

The jury returned a verdict of not guilty on the first count, and guilty on the second count ; and the defendant alleged exceptions.

*P. R. Guiney,* for the defendant. The ownership of the stolen goods was not proved as laid. *State* v. *McAloon,* 40 Maine, 133. *The King* v. *Wilkins,* 1 Leach (4th ed.) 520, 522. Rosc. Crim. Ev. (6th ed.) 602. 1 Hale P. C. 507. Though drunkenness is no excuse for crime, it is a circumstance of importance when the question is whether a crime has been committed. 1 Bishop Crim. Law (5th ed.) § 411. 2 Russell on Crimes (4th ed.) 566.

*C. Allen,* Attorney General, for the Commonwealth. The ownership was rightly laid in Dootson. *Ward* v. *People,* 3 Hill, 395 ; *S. C.* 6 Hill, 144. *Regina* v. *Wade,* 1 Car. & Kirw. 739. 1 Hale P. C. 507. 2 Bishop Crim. Law (5th ed.) § 781. 2 Wharton Am. Crim. Law (6th ed.) § 1825 2 East P. C. 654. 2 Russell on Crimes (4th ed.) 181, 563. Gen. Sts. c. 172, § 12. It is enough, to prove a reasonable belief that the goods were stolen. *Regina* v. *White,* 1 Fost. & Finl. 665. 2 Russell on Crimes (4th ed.) 567.

WELLS, J. In charging the robbery, the goods stolen were properly described as being of the property of the person from whom they were taken ; although, as against the true owner, he had no title or right in the goods, and his possession was tortious. Besides the authorities cited by the Attorney General, see Rosc. Crim. Ev. (6th ed.) 602, 604, and cases there referred to. The decision in *Commonwealth* v. *Morse,* 14 Mass. 217, seems to have been a departure from the rule at common law ; and has been corrected by statute. Rev. Sts. c. 133, § 11. Gen. Sts. c. 172, § 12.

The defendant does not controvert this, as applied tc an indictment for larceny or robbery. But as the conviction ir this case was only upon the count for receiving the stolen goods, it is contended that this offence must have been subsequent to the termination of the possession of the original thief, so that ownership at that time could not properly be alleged to be in him. There are two answers to this objection, either of which we think is sufficient.

1. Possession is *primâ facie* evidence of title. Against all persons not having a better right, it constitutes, or rather answers for a right of property. An action, alleging property, may be maintained upon it; because a mere stranger, who derives no title, right or authority from the previous owner, cannot set up his title against the right thus gained by possession. *Burke* v. *Savage*, 13 Allen, 408. This is true, not only as against one who disturbs that possession; but, if the possession is not parted with voluntarily, it is equally so against any one who afterwards meddles with the property without right.

2. The offence of receiving stolen goods is accessory, only, to the principal offence of larceny. The receiver is an accessory after the fact. The principal offence being established, either by proof of the facts or by production of a record of conviction therefor, it is only necessary to show further the receipt of the goods, (involving of course their identity,) and guilty knowledge. Identity of the property involves the element of ownership as an essential part of its description. But if there has been a conviction of the principal offender, the record establishes the ownership sufficiently for all purposes of the prosecution against the accessories. Identity in substance is all that is then required to be proved. It must follow, we think, that, in any prosecution against the receiver, an allegation of ownership is good, if it be such as would be sufficient to maintain a prosecution for the principal offence of larceny of the same goods. The thief and the receiver may be joined in the same indictment. *Commonwealth* v. *Adams*, 7 Gray, 43. It would be strange if the same allegation of ownership would not be good against both parties in such an indictment.

The instruction as to what would be sufficient to show guilty knowledge was in accordance with the general rule. The defendant cannot shield himself from responsibility for his conduct under a plea of intoxication. The question raised is one of notice or knowledge, and not of intent or voluntary action.

*Exceptions overruled.*