THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. IKE GOLDMAN, PLAINTIFF IN ERROR.

Submitted July 6, 1900—Decided November 12, 1900.

1. If a thief may be said to be an accomplice of a person who receives from him stolen goods, knowing them to have been stolen, that fact alone will not justify the court in directing a verdict of acquittal against the receiver, even when the evidence of the receiver's guilt may be solely that of the thief, if the testimony of the thief be supported by corroborating facts and circumstances.

2. The purchase of goods very much below their value is an element which may be considered by the jury upon the question of guilty knowledge.

3. The fact that the grand jury was sworn in the Quarter Sessions, in the absence of the justice of the Supreme Court pursuant to statute, and that the caption of an indictment returned by it was entitled in the "Oyer and Terminer" when the grand jury was subsequently received by the justice of the Supreme Court and the judge of the Common Pleas, and a rule was entered in the minutes of the Oyer, ruling the said indictment down to the Quarter Sessions, will not be considered as plenary evidence of the fact that the indictment was, as a matter of fact, returned into the Oyer, when the record shows that the return, signed by the foreman, "The bills herewith presented are true bills," was entered in the Quarter Sessions minutes. The error in the caption is amendable if brought to the attention of the court by the prosecutor or on a motion to quash, and cannot be taken advantage of after trial and conviction in the Quarter Sessions on a motion in an arrest of judgment. The forty-fourth section of the Criminal Procedure act applies to such a case.

4. The charge of the court upon an indictment for receiving stolen goods, that "that which a man ought to have suspected in the position of the defendant, he should have suspected and he must be regarded as having suspected, in order to put himself upon his guard and upon inquiry. The proof in any case is. to be inferential," is error. The proof must be that the defendant· had knowledge, not that he had suspicions.

On error to the Quarter Sessions of Mercer county.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff in error, *Beasley & Walker.*

For the defendant in error, *William J. Crossley,* prosecutor of the pleas.

The opinion of the court was delivered by

FORT, J.   The writ of error in this case brings up the conviction of the defendant in the Quarter Sessions of Mercer county upon an indictment charging him with receiving stolen goods, knowing them to have been stolen.

· The first error assigned is on the refusal of the court, when the state rested, to direct the jury to acquit the defendant on the ground that the evidence of the thieves was uncorroborated.

If a thief may be said to be an accomplice of the person who receives from him stolen goods, knowing them to have been stolen, still that fact alone will not justify the court in directing a verdict of acquittal against the receiver even when the evidence of the receiver's guilt might be solely that of the thief. ˴ It is held in this state that conviction for crime, under proper cautionary instructions from the court, may be sustained when only the evidence of the accomplice is relied upon.   *State* v. *Hyer,* 10  *Vroom* 598, 601;  1 *Greenl. Evid* (15*th ed.*), § 380.

Evidence of the thief, supported by corroborating facts, always has been held to justify a conviction for receiving. *Commonwealth* v. *Savory,* 10 *Cush.* 535.

In this case there were facts and circumstances, if not direct testimony, to corroborate the thieves.

There was no error in the refusal to direct a verdict of acquittal.

Nor was there any error in the charge of the court that the guilty knowledge of the defendant might be proven by testimony of the thieves, if supported by corroborating facts. *Commonwealth* v. *Savory, supra.*

Nor in the charge of the court that the purchase of the goods very much under their value was an element upon the question of guilty knowledge.   *Rosc. Cr. Ev.* 875;  1 *Hale P. C.* 619.

The third, fifth and sixth assignments of error are no more

than comments or expressions of opinion by the court and could not have been understood by the jury in any other light than merely directing their attention to matters which were proper for their consideration, and hence are not assignable as error. *Engle* v. *State,* 21 *Vroom* 272.

The seventh assignment alleges that the grand jury was organized in the Sessions and the indictment returned into the Oyer and Terminer.

It appears that on the opening of the Mercer County Circuit Court on the second Tuesday of May, 1899, the justice of the Supreme Court being absent, the grand jury were sworn in the Quarter Sessions, and that subsequently when said justice was present the grand jury returned the indictment into court.' That it was returned into the Oyer and Terminer can only be inferred from the caption of the indictment as returned and the fact that a rule was entered on the twenty-sixth day of May, 1899, directing that the indictment be handed down to the Sessions for trial, while the record that "the bills herewith presented are true bills," as signed by the foreman, was entered in the Quarter Sessions minutes. The error in the indictment is only a clerical one in the caption thereof. The justice of the Supreme Court and judge of the Common Pleas hold the Sessions as well as the Oyer, and there is nothing in the record to show that they did not receive the grand jury in the Sessions except the caption as above stated. The rule handing down was unnecessary and of no force. If the question raised on the motion in arrest of judgment had been presented on a motion to quash, the court could have ordered the caption of the indictment amended by substituting Quarter Sessions for Oyer and Terminer. Our statute is quite ample for such a purpose. By the forty-fourth section of the Criminal Procedure act of 1898 (*Pamph L., p.* 881) it is provided: "Every objection to any indictment, for any defect of form or substance apparent on the face thereof, shall be taken by demurrer or motion to quash such indictment, before the jury shall be sworn, and not afterwards; and every court before which

any such objection shall be taken for any such defect, or before whom any person may be tried, may, if it be thought necessary, cause the indictment to be forthwith amended in any particular by some officer of the court or other person, and thereupon the trial shall proceed as if no such defect had appeared, or be postponed at the discretion of such court, as hereinbefore provided in case of amendment for variance."

It is evident that this alleged error cannot be taken advantage of after defendant goes to trial without objection, and it is equally clear that under this statute, if the question had been raised on a motion to quash, the defect of form could have been amended. A similar effect has been given to this statute by the Court of Errors. *Mead* v. *State,* 24 *Vroom* 601; upon the same point see *State* v. *Polhemus, ante p.* 387; see, also, *Winters* v. *State,* 32 *Vroom* 613.

The only remaining assignment of error is the fourth. It is to the following extract from the charge of the court: "That which a man ought to have suspected, in the position of the defendant, he should have suspected and he must be regarded as having suspected, in order to put himself upon his guard and upon inquiry. The proof in any case is to be inferential."

I am unable to find any authority to sustain the statement of law as the court here makes it.

Guilty knowledge is of the very essence of the crime charged in this indictment, under our statute. The mere receiving stolen goods is no crime under our statute, but receiving goods "stolen from any other person    *    *    * *knowing* the same to have been stolen," is a crime. *Crimes Act,* § 166; *Pamph. L.* 1898, *p.* 839.

In order to convict under this statute or at common law, for the rule was the same there, the defendant must be proven guilty as charged—that is, to have received the goods, *knowing* that they were stolen, and that knowledge must be proven as of the time they were received. 2 *Bish. Cr. L.,* § 1138.

Knowledge in cases of this kind, of course, may be proven either by direct evidence or by facts and circumstances which impute guilty knowledge. Such a method of proving knowl-

edge was sustained by this court in another class of crime in which knowledge was the essential element of the crime. *McBarron* v. *State,* 34 *Vroom* 43.

Guilty knowledge may be found by the jury where the defendant receives the goods under such circumstances as would satisfy a man of ordinary intelligence and caution that they were stolen. *Commonwealth* v. *Finn,* 108 *Mass.* 466.

I have read the part of the charge excepted to, in connection with the other parts of the charge, and I am unable to reach the conclusion that the language of the court was justified under the law or that it was not prejudicial to the defendant. The language used clearly cannot be classed as comments or as an expression of opinion by the court.

It was a statement to the jury that they might find knowledge in the defendant—that is, criminal knowledge, intent to receive the goods knowing them to have been stolen, because he ought to have suspected that which the jury might think he should have suspected, and that he must be regarded as having suspected that which the jury might think he should have suspected, and the adding to what the court said upon this subject right in the same connection, the statement that "the proof in any case is to be inferential," intensified the misleading character of this instruction.

The proof must be that the defendant had knowledge, not that he had suspicions. Suspicious circumstances, it is true, may be a part of the circumstances from which knowledge may be inferred, but the jury must be satisfied that these circumstances were of such a character, when taken in connection with the whole transaction, as to lead to the conclusion that the defendant knew that the goods were stolen.

For this error, we think the judgment must be reversed.