Gilbert *v.* The State.

116 819
Case 2
e117 675
116 819
Case 2
119 106

Cobb, J.　1. An indictment which charges that the accused broke and entered a certain railroad-car marked " C. of Ga. 201," and alleges that such car was at the time " in the custody and control " of another named railway company, sufficiently avers ownership of the car to have been in such company. See *Adkins* v. *State,* 115 *Ga.* 582 ; Clark's Crim. Law (2d ed.), 277 ; 2 Bish. New Cr. Law, § 789 (2); Com. *v.* Finn, 108 Mass. 466.

2. The above ruling is not in conflict with the decision in *Cooper* v. *State,* 89 *Ga.* 22, the averment in that case being simply that the car was on a named railway in the county.　Even if there is a conflict, the ruling in the case cited was by two Justices only, and is therefore not absolutely binding as authority.

3. Where in the trial of one charged with breaking and entering a railroad-car the evidence showed that the goods stolen were in the car, that it was sealed, that it passed through the place where the accused resided, and was delayed there two days in the yard of the company by which the accused was em-

ployed as a car inspector, that the car could be opened without breaking the seals, that the accused knew how to do this, that he had tools which could be used for the purpose, that the stolen goods were found in his possession in the yard of the company in the place where he resided, a few days after the car passed through the county of his residence, and that he made no satisfactory explanation of his possession, the jury were authorized to find, not only that the accused broke and entered the car, but also that the breaking and entering were accomplished in the county of his residence, notwithstanding the car, after having been sealed, passed through several counties in the State and into an adjoining State before reaching its destination, and also notwithstanding there were no visible signs of a breaking upon the car.

4. The foregoing notes deal with all questions insisted on in the brief. There was no error in refusing a new trial.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent, Candler, J., not presiding, and*

LITTLE, J., dissenting. I dissent from the judgment in this case, because there can be no lawful conviction for burglary, in the absence of evidence showing a breaking, and no evidence of any character appears in the record that there was any breaking of the car from which the goods were taken.

Argued October 20, — Decided December 13, 1902. Rehearing denied January 8, 1903.

Indictment for breaking and entering railroad-car. Before Judge Bennet. Ware superior court. June 25, 1902.

*Leon A. Wilson* and *Toomer & Reynolds*, for plaintiff in error. *John W. Bennett, solicitor-general, S. W. Hitch, John C. McDonald*, and *W. E. Kay*, contra.