STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. EMIL FEISS, PLAINTIFF IN ERROR.

Submitted December 10, 1906—Decided March 4, 1907.

1. Upon the trial of an indictment for receiving stolen goods, the owner of the goods may testify as to their value.
2. A charge of the court in such case that the jury has a right to infer, from the circumstances surrounding the purchase of the goods, as to whether or not the defendant must have known that the goods were stolen is not open to the construction that the court thereby instructed the jury that the only two elements of the crime charged were "that the goods were stolen" and that "the defendant must know that they were stolen," although in that connection the court omitted to instruct the jury that they must also find that the defendant bought or received the goods, the court having expressly directed the jury, in another part of the charge, that if the defendant was not there that day, *i. e.,* at the time and place when and where the goods were alleged to have been received by him, he could not have bought the goods, and it was their duty to acquit him. *State* v. *Goldman,* 36 *Vroom* 394, distinguished.

On error to the Supreme Court.

For the plaintiff in error, *Gustav A. Hunziker.*

For the defendant in error, *Eugene Emley,* prosecutor of the pleas.

The opinion of the court was delivered by

GARRETSON, J. The plaintiff in error was convicted in the Passaic Quarter Sessions upon an indictment charging him with having received certain goods and chattels, to wit, one diamond ring of the value of $25, and one diamond stickpin of the value of $5, in all of the value of $30, knowing said goods and chattels to have been stolen, and the Supreme Court affirmed the conviction. The entire record has been returned under the certificate of the judge, and causes of reversal have been served pursuant to section 137 of the Criminal Procedure act.

The first cause for reversal specified is permitting the alleged thief to answer the question, "What kind of a store is it?" The witness, having testified to taking the articles specified from the owner and selling them to the defendant at a store at Main street, near Broadway, was asked: "What kind of a store is it?" to which answer was given, "It looks like a hock shop."

We are not able to discover, nor have we been pointed by the defendant's counsel to, any particular in which this question was illegal.

The next cause for reversal is because the court permitted the owner of the goods stolen to testify to their value. It is the universal practice to permit the owner of goods stolen to testify as to their value upon the trial of the thief, and we know of no reason why the owner should not be permitted to testify as to the value upon the trial of the receiver. Besides, if this evidence is inadmissible, it could not be said to be injurious, because it is criminal to receive or buy, knowing it to have been stolen, any "valuable thing whatsoever," without any reference as to how much it is worth.

The fourth cause for reversal relates to the refusal of the court to direct a verdict of acquittal at the close of the state's case. An examination of the evidence returned with this writ satisfies us that it was sufficient to justify and require its submission to the jury. *Jaggers* ads. *State,* 42 *Vroom* 281.

The fifth, sixth and seventh causes of reversal are directed to the charge.

The defendant specifies as erroneous instruction the following: "As has already been intimated, upon the motion made by the counsel of the defendant to dismiss this indictment, the jury had a right to infer, from the circumstances surrounding the transaction, as to whether or not the defendant must have known that the goods were stolen. Now, you have heard her story. Perhaps you will be able to recall all the circumstances, besides those that I mentioned, from which you can make the inference that the defendant, being an intelligent business man and accustomed to deal in this kind of business, would be able to conclude, from appearances, from what took place, whether or not he was justified in the purchase of those articles, and whether or not he should make an investigation where the circumstances were suspicious."

This part of the charge dealt only with the circumstances surrounding the purchase of the goods, and instructed the jury as to what bearing they might have upon the knowledge of the defendant as to whether or not the goods were stolen. The counsel of plaintiff in error, in pointing out the defects in the charge, says that the court started out with the erroneous proposition that the only two essential elements of the crime charged were "that the goods were stolen," and that "the defendant must know that they were stolen, and omitted to instruct the jury that they must also find that the defendant bought or received the goods." This is a misapprehension of the effect of the charge as a whole. At its close the court instructed the jury as follows: "If you conclude that these goods were stolen, and were bought by the defendant, knowing them to have been stolen, or that the circumstances were such that he must have inferred that they were stolen, why, he is guilty of the crime charged. However, if he was not

there that day, he could not have bought the goods; or if you conclude that he did buy the goods and did not know that they were stolen, then it is your duty to acquit him."

It is also urged that there is error in that part of the charge in which the judge said to the jury: "In other words, were the circumstances surrounding this transaction—conceding the state's case, in the first place, to be true—were the circumstances surrounding this transaction and the purchase of these two articles of jewelry such that the defendant must have known that they were stolen."

If this is an instruction, then the jury was told that the defendant must have known, from the circumstances surrounding this transaction and the purchase of these two articles of jewelry, that they were stolen. He must have had knowledge, not suspicions. *State* v. *Goldman,* 36 *Vroom* 394, holds that "the proof must be that the defendant had knowledge, not that he had suspicions."

The defendant refers to the Goldman case in support of the alleged error in the charge as above. But the instruction in the Goldman case was entirely different from the instruction in this case. In that case the court charged "that which a man ought to have suspected in the position of the defendant he should have suspected, and he must be regarded as having suspected in order to put himself upon his guard and upon inquiry. The proof in any case is inferential." This quotation from the Goldman case can have no application to the part of the charge excepted to in this case.

Another specification of cause for reversal is the following from the charge: "Now, gentlemen of the jury, I may fail to recall exactly and accurately just what was said while the testimony was being given, but as I recall the testimony, this young woman was asked by the counsel for the defendant whether, when she was selling these things, was not she asked by him, or did she not say to him, that her husband had pneumonia and that she was poor. It may be that I do not recollect that testimony accurately, but it looks very much as if I did recollect it accurately when I say that question was asked of her at the time she was selling these goods, for what was

the reason of asking those questions, or that kind of a question, at any other time: 'Didn't you say, perhaps, as a reason for wanting to dispose of these articles, that you wanted the money, that your husband was sick with pneumonia and that you were poor?' Well, the asking of a question does not necessarily bind the defendant, gentlemen of the jury, but in dealing with that part of the case you have a right to consider that element in it."

In the course of the trial the witness, who was the alleged thief, and who testified that she had sold the goods to the defendant, testified, on cross-examination, as follows:

"*Q.* Did you tell him [the defendant] anything about your husband?

."*A.* I told him it was my engagement ring, and said he was sick with pneumonia.

"*Q.* Did you tell him that you wanted to dispose of these things because you needed the money?

"*A.* Yes, sir.

"*Q.* Because your husband was sick?

"*A.* Yes, sir.

"*Q.* Did you tell him you were suffering for want of food?

"*A.* No, sir.

"*Q.* Did you tell him your husband was suffering from pneumonia, and you needed the money?

"*A.* Yes, sir."

The defendant by his testimony claimed that he did not buy the articles from this witness, and could not have done so at the time she alleges, because he was then in New York. It was entirely proper for the court to state this testimony to the jury, and to direct their attention to the inferences that might be drawn from it. One very obvious inference would bear upon the truth of the defendant's *alibi*. The question would naturally arise, How could this conversation between the witness and the defendant take place when the articles were sold in defendant's store in Paterson if the defendant was at the time in New York?

We find no error in this part of the charge.

Another specification of cause for reversal was in the part

of the charge of the court referring to the evidence of an *alibi*. Exception was taken to this at the time of the trial, but the court, upon its attention being called to it, withdrew that part of the charge from the consideration of the jury, and expressly directed them to disregard it.

The judgment brought up by this writ of error must therefore be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, GARRETSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, GREEN, GRAY, DILL, J.J.   11.

*For reversal*—FORT, VREDENBURGH, VROOM, J.J.   3.