STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN D'ADAME, PLAINTIFF IN ERROR.

Submitted December 7, 1911—Decided February 29, 1912.

1. Where no objection is made to a question put to a witness it is not error for the trial court to refuse a motion to strike out the answer as hearsay, and as impeaching another witness after the party has thus speculated as to its character.
2. On the trial of a defendant indicted for receiving stolen goods, it is not error to charge the jury that guilty knowledge may be found where the defendant receives the goods under such circumstances as would satisfy a man of ordinary intelligence and caution that they were stolen.

On writ of error to Essex Quarter Sessions.

Before Justices GARRISON, PARKER and BERGEN.

For the plaintiff in error, *Coull & Smith.*

For the defendant in error, *Wilbur A. Mott.*

The opinion of the court was delivered by

BERGEN, J. The defendant was convicted of the crime of receiving goods, knowing them to be stolen, and this result he seeks to reverse by the writ of error issued in this cause. But two matters are urged for reversal, one of which is directed against the admission of certain testimony, and the other rests upon an objection to the charge of the trial court. The case made by the state against the defendant shows that two boys, Edward M. Knight and William Mahon, admitted stealing from the Lehigh Valley Railroad Company some copper wire, and that they sold it to the defendant. On the trial a police officer by the name of Miller testified that he and another officer named Autobato took the boy Knight to the residence of the defendant, and he was then asked, *"Q.* State what the boy said and what the defendant said. *A.* Autobato asked the boy

in English, 'Is this the man you sold the wire to?' and he
said, 'Yes.' Q. Was this in the presence of the defendant?
A. Yes. Q. What did D'Adame say, if anything, at that
time? A. A'Dame said it wasn't him; the boy said, 'Yes, I
have been here before.'" Counsel for the defendant then
moved to strike out the answer, "on the ground that it is hear-
say, and secondly, on the ground that it is an impeachment of
the state's witness." The court denied the motion to strike
out to which defendant's counsel excepted and the exception
was sealed. No objection was made when the question was
asked and it was not error to refuse to strike out the answer
on the grounds assigned after the defendant had waited until
he heard what it was. It is a clear case of speculating upon
the reply a witness may make to a question. This is the only
exception taken to the admission or refusal to admit testimony
which was argued, and there is no error in this.

The only other matter argued is that the court committed
an error in charging the jury as follows: "Guilty knowledge
may be found by the jury where the defendant receives the
goods under such circumstances as would satisfy a man of
ordinary intelligence and caution that they were stolen." This
excerpt from the charge is the precise language used by the
court in *State* v. *Goldman,* 36 *Vroom* 394, and the correctness
of the principle does not appear to be seriously questioned by
the plaintiff in error in this case, but the argument in support
of this exception is based upon the statement that the case
"was almost entirely barren of proof of any circumstances
from which guilty knowledge may be inferred," and however
effective it might be upon a rule to show cause or other pro-
ceeding assailing the verdict, it cannot be considered in deal-
ing with a writ of error, there being some evidence from which
the jury might infer that the defendant received the goods
under such circumstances as should have satisfied a man of
ordinary intelligence and caution that they were stolen. In
most cases of receiving stolen goods direct proof of guilty
knowledge is difficult to produce, and therefore the offence
must be, in nearly every case, established by circumstances,
"and the rule is that in order to be effective as proof of guilty

knowledge the circumstances must be at least such as would satisfy a man of ordinary intelligence and caution that the goods were stolen." *State* v. *Simon,* 41 *Id.* 407.

We find no error in the record in the matters relied upon and presented at the argument, and therefore the judgment below should be affirmed.