## GEO. P. RAU v. STATE.

No. A-1007.   Opinion Filed May 18, 1912.

(123 Pac. 1037.)

1.   **EMBEZZLEMENT—Evidence—Sufficiency.**   In a prosecution for embezzlement, the evidence is held to support the verdict, and that no reversible error was committed on the trial.

2.   **APPEAL—Technical Errors.**   Technical errors or defects which do not affect the substantial rights of the defendant are to be disregarded under the provisions of our Penal Code.

(Syllabus by the Court.)

*Appeal from District Court, Tulsa County;*
*L. M. Poe, Judge.*

George P. Rau was convicted of embezzlement, and appeals. Affirmed.

*J. R. Charlton,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen. (*C. J. Davenport,* of counsel), for the State.

DOYLE, J.   The plaintiff in error was tried and convicted on an information which charged that:

"George P. Rau, in Tulsa county, and in the state of Oklahoma, did on or about the 11th day of May, in the year of our Lord one thousand nine hundred and ten, unlawfully, feloniously, and wrongfully while being a clerk in the employ of the Missouri, Kansas & Texas Railroad Company, a corporation, and while then and there being over eighteen years of age, and not an apprentice of said company, and while as such clerk being then and there intrusted with personal property belonging to said railroad company, to wit, large sums of money, did with a fraudulent intent to appropriate to his own use and deprive the owner thereof, embezzle, secrete, and use of the said personal property of said railroad company, which was then in his charge, control and care by virtue of his said employment as such clerk, the sum of $600.00 lawful money of the United States, contrary," etc.

Upon his trial the jury returned their verdict finding the defendant guilty as charged and fixing the penalty at imprisonment for one year in the state penitentiary. December 3, 1910, judgment and sentence was pronounced and entered in accordance with the verdict. From the judgment and an order overruling motion for a new trial the defendant appealed by filing in this court on January 30, 1911, a petition in error with case-made.

But two questions are presented by plaintiff in error's petition and brief. The first is "that the trial court erred in overruling the motion for a new trial upon the ground and for the reason that the verdict was contrary to the law and evidence." In this connection counsel say:

"One of the material allegations in the information was 'that the defendant while then and there being over eighteen years of age,' etc. The court in the instructions given used this language: First. 'It must appear from the evidence that the defendant was at the time of the commission of the alleged offense over the age of eighteen years.'"

And counsel further say that:

"There is not one word or syllable in all the testimony in this case upon the subject of the age of the defendant."

An examination of the record discloses that counsel's contention is unwarranted. A transcript from the record (page 45) is as follows:

"Q. Mr. Purpus, do you know whether the defendant at the time that he went to work for you was over the age of 18 years or not? A. Yes, sir. Q. Was he or not? A. He was."

The testimony quoted stands uncontradicted, and fully refutes the statement that the record is silent as to the age of the defendant. The defendant offered no evidence in this case.

Second. It is insisted that there is a variance between the allegations of the information and the proof, in that the information charges that the defendant was a clerk of the "Missouri, Kansas & Texas Railroad Company," and that the money embezzled was the property of and belonged to said railroad company, while the proof showed that the correct name of the corporation was the "Missouri, Kansas & Texas Railway Company." The

objection is purely technical. The evidence conclusively and over-whelmingly supports the verdict. Technical errors or defects which do not affect the substantial rights of the defendant are to be disregarded under the provisions of our Penal Code. Section 6701 (Comp. Laws 1909) provides:

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

Section 6957 provides:

"On an appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

Our conclusion is that the appeal in this case is wholly without merit.

The judgment of the district court of Tulsa county is therefore affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.