WILEY GUNTER *et al.* v. STATE.

No. A-3196.    Opinion Filed Nov. 1, 1919.

(184 Pac. 797.)

1.  LARCENY—Allegation of Ownership in Information.  Information for petit larceny charging that the defendants stole coal, "the property of the D. Beams Drilling Company," **held** sufficient allegation of the ownership of such property in such a prosecution under the criminal procedure of this state.

2.  APPEAL AND ERROR—Conviction—Conflicting Evidence.  Where there is evidence in the record from which the jury could reasonably infer that the defendants are guilty of the crime charged, the judgment of conviction will not be reversed because the evidence is conflicting.

3.  APPEAL AND ERROR—Exceptions—Instructions.  Where the record shows no objection or exception to the instructions of the trial court, such instructions will not be examined by this court for the purpose of discovering other than fundamental errors.

4.  TRIAL—Sufficiency of Instructions.  The instructions must be considered as a whole, and when considered together, if they fairly and correctly state the law applicable to the case, they will be sufficient.

*Appeal from County Court, Washita County;*
*Owen F. Renegar, Judge.*

Wiley Gunter and Oliver Robinson were jointly tried and convicted of the crime of petit larceny and each appeals. Affirmed.

*Massingale & Duff*, for plaintiffs in error.

*S. P. Freeling*, Atty. Gen., and *W. C. Hall*, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Washita county, wherein the defendants were, upon a joint trial, each convicted of the crime of petit larceny, and each sentenced to serve a term of imprisonment in the county jail of 20 days and to pay a fine of $50.

It is first contended that the information does not state facts sufficient to constitute a public offense. No demurrer was filed to the information in the lower court on this ground. The first attack made against the information was by way of objection to the introduction of evidence on the ground stated. The particular objection to the information is that it does not sufficiently designate and describe the name of the owner of the property charged to have been stolen. The information alleges that the defendants stole coal, "the property of the D. Beams Drilling Company," without alleging whether said company is a corporation or a partnership and, if a partnership, the information is alleged to be defective because it fails to give the individual names of the members thereof.

At common law the information would have been insufficient; but the common-law rule does not obtain in this state, because of the enactment of section 5743, Rev. Laws 1910, which provides:

"When an offense involves the commission of or an attempt to commit, a private injury, and is described with sufficient certainty in other respects to identify the act,

an erroneous allegation as to the person injured, or intended to be injured, is not material."

The following decisions of this and other states support the conclusion that the information sufficiently describes the owner of the property alleged to have been stolen under a statute like the foregoing: *Martin v. Terr.*, 4 Okla. 105, 43 Pac. 1067; *Rau v. State*, 7 Okla. Cr. 349, 123 Pac. 1037; *Andrews v. State*, 100 Ark. 184, 139 S. W. 1134; *Ivy v. State*, 109 Ark. 446, 160 S. W. 208.

It is also contended that the verdict is not sustained by the evidence. There is a sharp conflict in the evidence, and, had the jury believed the evidence of the defendants and their witnesses, an acquittal should have followed. However, the testimony of the state's witnesses supports the theory that these defendants were together in an automobile about 1 o'clock at night, and drove up to an oil derrick not far from the town of Foss, in said Washita county, where a quantity of coal was kept for use in drilling an oil well. That the defendant Wiley Gunter got out of the car, and that the defendant Oliver Robinson, who was driving the car, waited for him in a public highway while the lights on the car were turned off; that Gunter went onto the premises of the drilling company and yelled, and, receiving no reply, proceeded to where the coal was stored and picked up a large chunk of coal, weighing about 100 pounds, and was in the act of carrying it to the public highway in the direction of where the automobile was located, when he was discovered by the night watchman, told to halt, and, upon his refusal to do so, was shot. Gunter got up, got into the car and the two drove away. Later in the morning, about 2 o'clock, they were arrested in the town of Foss where Gunter had gone to have his wound dressed. The defendants admit that they were on the

scene, but Gunter claims that he was drunk that night, and that Robinson was driving him around to sober him up, and that he stopped at the oil derrick to get a drink of water. It appears also from the evidence that both defendants had previously worked at the oil derrick and were familiar with the premises.

While the evidence is conflicting, the jury having determined the conflict against the defendants, and there being evidence in the record from which the jury could reasonably infer that the purpose of the defendants' visiting the oil derrick at 1 o'clock in the morning was to steal coal, and that they were caught in the act of stealing coal from such premises, the judgment will not be reversed because of the alleged insufficiency of the evidence.

The following instruction is complained of for the reason that the term "reasonable doubt" is not used therein:

"You are instructed that before the defendants, or either of them, can be convicted of the crime of theft as charged in the information, it is incumbent upon the state to prove, among other things, that the coal in question was the property of the D. Beams Drilling Company, and that said coal was taken from the said D. Beams Drilling Company, without its consent and with the purpose on the part of said defendant or defendants to appropriate the same to his or their benefit and, unless these facts have been proven, it will be your duty to acquit the defendants."

The record does not show that any objection was made or exception taken to the giving of this instruction. In another instruction, the court told the jury that the defendants were presumed to be innocent, and that—

"Such presumption abides with them throughout the trial of the case until the evidence convinces you to the

contrary beyond a reasonable doubt, and in this connection you are instructed that the burden of proof is upon the state to prove the guilt of the defendants as charged in the information beyond a reasonable doubt."

Also, in another instruction, the jury was told that—

"You are not at liberty to single out any one instruction or paragraph of the charge, and consider to the exclusion of the other instructions or paragraphs; but you shall take each and every instruction or paragraph of the charge and consider them as a whole in making up your verdict."

It has been held by this court:

"Where the record shows no objection or exception to the instructions of the trial court, such instructions will not be examined by this court for the purpose of discovering other than fundamental errors on appeal." *Ford v. State,* 5 Okla. Cr. 241, 114 Pac. 274.

Also:

"The instructions must be considered as a whole, and, when considered together, if they fairly and correctly state the law applicable to the case, they will be sufficient." *Updike v. State,* 9 Okla. Cr. 124, 130 Pac. 1107; *Nutt v. State,* 8 Okla. Cr. 266, 128 Pac. 165; *Inklebarger v. State,* 8 Okla. Cr. 316, 127 Pac. 707.

Finding the grounds urged for reversal of these judgments to be without merit, and such as did not result in a miscarriage of justice or deprive the defendants of a constitutional or statutory right to their prejudice, the judgment as to each defendant is affirmed.