# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## MARCH TERM, 1923

### 13935. WALKER *et al. v.* THE STATE.

1. The corpus delicti was sufficiently proved.
2. Prejudicial remarks of a juror made in the hearing of the jury, and the approval of such remarks by the trial judge, where no motion for a mistrial was made, is not cause for a new trial.
3. There is no merit in the assignment of error attacking the charge of the court.
4. The verdict was amply authorized by the evidence, and for no reason assigned was it error to overrule the motion for a new trial.

DECIDED MARCH 6, 1923.

Accusation of larceny from railroad-car; from city court of Richmond county — Judge Black. August 19, 1922.

*John J. Foster,* for plaintiff in error.

*W. Inman Curry, solicitor,* contra.

LUKE, J. After conviction of the defendants of larceny from a railroad-car, they moved for a new trial, which was denied, and they excepted.

1. The 1st special ground of the motion for a new trial is as follows: "Because, upon the trial of said case, the State failed to prove the corpus delicti, in that it alleged in the accusation a larceny of goods of the American Railway Express Company, and the evidence failed to disclose and show proof that the goods alleged to have been stolen were the property of said American Railway Express Company, and failed to show ownership of said property in said American Railway Express Company, either actual or constructive, the evidence failing to show any ownership what-

1

ever." There is no merit in this ground of the motion. The accusation charged that the defendants entered the car of the "American Railway Express Company, under the management and control of Walker D. Hines, director-general of railroads," and that the goods stolen therefrom were "the property of the American Railway Express Company as aforesaid." .Such averments sufficiently alleged ownership in Walker D. Hines, director-general of railroads. See *Gilbert* v. *State,* 116 *Ga.* 819 (43 S. E. 47), where it was held: "An indictment which charges that the accused broke and entered a certain railroad-car marked ' C. of Ga. 201,' and alleges that such car was at the time ' in the custody and control' of another named railway company, sufficiently avers ownership of the car to have been in such company." And the ownership thus alleged in the accusation is supported by the testimony of the State's witnesses Youngblood and Elmore. The former testified, in substance, that the property alleged to have been stolen was taken by the defendants from an express car, and the latter that all express cars in the United States at that time were under the direction and control of Walker D. Hines, director-general of railroads, and that if the particular car in question was an express car, it was under the control of the director-general. " Proof that certain property alleged to have been stolen was taken from the lawful possession of the party named in the indictment as the owner thereof is sufficient to support the allegations of ownership, although the legal title be in another." *Thomas* v. *State,* 27 *Ga. App.* 38 (2) (107 S. E. 418), and citations.

2. The 2d and 3d special grounds of the motion for a new trial will be considered together. The 2d ground is as follows: "Because the court erred in allowing a juror, sworn in said case, and during the trial of said case, to wit, one J. T. Clark, to make the following statement in open court, without reprimanding him, while defendant's counsel, during the progress of said case, was interrogating, upon cross-examination, the witness C. D. Elmore, called as a witness on behalf of the State, to wit: Said juror, J. T. Clark, addressing the court as follows: ' May I be heard from, your honor?' The court: ' Yes, sir.' Juror: 'Don't you think we have some rights as to time? Isn't our time worth anything?' Defendant's counsel (addressing the court): 'I ask if the juror

has any right to ask if they have any consideration. I say he has no consideration as far as time goes, the time is required to establish the facts of this case, and I think it highly improper, and I ask that your honor reprimand the juror.'" The 3d ground of the motion is as follows: "Because the court erred in the following ruling, to wit: that when defendants' counsel was addressing the jury the solicitor of said court claimed an improper argument on the part of defendants' counsel in regard to the question of the juror Clark, during the trial of the case; that the court said (addressing defendants' counsel): 'I did not hear what you said, but I warn you now that you must not question what the juror might have said, and it is highly improper for you to state in your argument that you are personally responsible in the court or out of the court for what you have said directed to any particular juror. Proceed with your argument, and confine yourself to the evidence that has been adduced from the stand and any proper deduction you can draw from it.' The solicitor: 'I think the juror is entitled to a ruling as to whether his question which he propounded to the court was a proper one or not,' to wit: 'May I be heard from, your honor?' The court: 'Yes, sir.' Juror: 'Don't you think we have some rights as to time? Isn't our time worth anything?' Upon which the court ruled as follows: 'I think it was a proper question.'"

It is complained in these grounds of the motion that the remarks of the juror, and the "countenancing and approving" of the same by the court, were so highly prejudicial to the defendants' rights that they did not have a fair and impartial trial. Without determining whether the remarks tended to prejudice the rights of the defendants, it suffices to say that no motion was then and there made to have a mistrial declared; and, "having failed to do this, the plaintiffs in error cannot, after the return of an adverse verdict, have that verdict set aside and a new trial granted." *Moore* v. *McAfee*, 151 *Ga.* 272 (11) (106 S. E. 275); *Perdue* v. *State*, 135 *Ga.* 277 (69 S. E. 184); *Stapleton* v. *State*, 19 *Ga. App.* 36 (13), 38 (90 S. E. 1029); *Griggs* v. *State*, 22 *Ga. App.* 637 (2) (96 S. E. 1049); *Woodall* v. *State*, 25 *Ga. App.* 8 (3) (102 S. E. 913); *McKenzie* v. *State*, 28 *Ga. App.* 34 (2) (110 S. E. 248). The obiter expressions of Justice Lamar in the case of *Patton* v.

*State,* 117 *Ga.* 238, 239 (43 S. E. 533), cannot and will not be followed, in view of the above decisions.

3. We do not deem it necessary to elaborate the 3d and 4th headnotes.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*