## GUY KEASLER v. STATE.

No. A-5872. Opinion Filed Aug. 20, 1927.
Rehearing Denied Oct. 22, 1927.

(259 Pac. 1059.)

L. A. Pelley, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty Gen., for the State.

DOYLE, P. J. Appellant, Guy Keasler, and J. M. Mohundro were jointly charged with the crime of burglary. Upon his separate trial appellant was convicted, and in accordance with the verdict of the jury was sentenced to two years' imprisonment in the state penitentiary. He prosecutes this appeal from that judgment.

The information charges that in Jackson county, May 27, 1924, the defendants "did then and there, willfully, unlawfully, knowingly, feloniously, and burglariously break into and enter in the daytime by breaking the seal and opening a door of a certain railroad car, to wit, Orient car No. 3859, which said car was then and there in transit from Altus, Okla., to Chilicothe, Tex., and containing personal property, to wit, merchandise, and which car was on the day and date aforesaid in the possession of the Orient Railway Company, in the county and state aforesaid, with the willful, unlawful, felonious, and burglarious intent then and there on the part of them, the said Guy Keasler and J. M. Mohundro, to take, steal, and carry away by stealth personal property therein contained [here describing about 20 boxes and cases containing chewing and smoking tobacco and cigarettes], of the personal property in the possession of the said Orient Railway Company, and all of the aggregate

value of $217.85, without the consent and against the will of the said Orient Railway Company, the owner and possessor thereof," etc.

The contention that the demurrer to the information should have been sustained is without merit.

The point made is that the allegation of the owner-ship of the railroad car alleged to have been burglarized is insufficient. The prosecution was based upon the second subdivision of section 2063, C. S. 1921. Construed in their usual accepted meaning, the words used in the information, "Orient car No. 3859 in the possession of the Orient Railway Company," would mean a railroad car belonging to the Orient Railway Company, and that together with the number of the car sufficiently identifies the act as to the car alleged to have been burglarized.

In the case of Gilbert v. State, 116 Ga. 819, 43 S. E. 47, the Supreme Court of Georgia held:

"An indictment which charges that the accused broke and entered a certain railroad car marked 'C. of Ga. 201,' and alleges that such car was at the time 'in the custody and control' of another named railway company, sufficiently avers ownership of the car to have been in such company."

And see Com. v. Finn, 108 Mass. 466; Clark, Cr. Law (2d Ed.) p. 271; 2 Bish. New Cr. Law, § 789.

Another point made is that the information is fatally defective in failing to allege whether or not the Orient Railway Company was a corporation or a copartnership. This contention is without merit. Our Procedure Criminal provides:

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material." Section 2560, Comp. St. 1921.

See Gunter v. State, 17 Okla. Cr. 404, 189 P. 200; Rau v. State, 7 Okla. Cr. 349, 123 P. 1037; Ivy v. State, 109 Ark. 446, 160 S. W. 208.

The information clearly charges all of the essential elements of the crime of burglary as defined in the statute.

It is also contended that the evidence is insufficient to sustain the verdict and judgment. The evidence shows that the goods stolen were in a car; that it was sealed, that the car could not be opened without breaking the seal, and the testimony of his codefendant, Mohundro, was sufficeintly corroborated.

As a witness in his own behalf, appellant admitted that he had received a part of this shipment of tobacco from Mohundro and delivered it to the Hollis Grocery Company, in Altus. When the officers traced this stolen tobacco they went to the Hollis Grocery Company for the purpose of apprehending the thief or thieves. Appellant was discovered, together with the clerk there, pulling the labels off the tobacco cases he had delivered there.

Mr. Hollis, the owner, who was away from the city that day, testified that appellant had approached him a day of two before that and offered to sell him some tobacco of the kind delivered at 60 per cent. of its wholesale cost, and in addition to that other packages of the stolen tobacco were found in appellant's truck by the side of the Hollis Grocery Company store at the time and after appellant had run away from the store when the officers appeared.

A careful reading of the record shows that appellant received a fair trial and that no error was committed prejudicial to his rights.

The judgment appealed from is therefore affirmed.

EDWARDS and DAVENPORT, JJ., concur.