## FRED OWENS v. STATE.

No. A-7444.   Opinion Filed June 28, 1930.

(289 Pac. 791.)

Brown Moore and Guy L. Horton, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Payne county of the crime of grand larceny, and his punishment fixed at imprisonment in the state penitentiary for a term of one year and one day.

The evidence of the state was that the defendant on the 26th day of May, 1928, stole $25 in money from the Cushing Motor Company, a corporation of Cushing, Okla.; that the Cushing Motor Company had been missing money from its safe, and marked five $5 bills for identification and placed them in the safe; that, when the loss of this money was discovered, the defendant was called into the

office of the company, and asked by its manager, Mr. Vineyard, if he had any money; that defendant drew out of his pocket a $5 bill and some change, and that this bill was one of the marked bills; that, on being pressed further, defendant drew other papers and stuff from his pockets, and that a bank deposit book fell to the floor. An examination of this book showed that the defendant had deposited $10 in the bank shortly prior to this time, and a further investigation developed that the deposit consisted of two of the $5 marked bills. Defendant later admitted that he had paid a bill at a store, and included in that payment was one of the $5 bills.

Defendant contends, first, that the court erred in overruling his demurrer to the information, which alleged that the money stolen was the property of the Cushing Motor Company, and that the same was taken without the consent of the said motor company. Defendant contends that the information was insufficient, for the reason that, the Cushing Motor Company being alleged to be a corporation, it is incapable of giving consent, and that the information, in order to be good, should have alleged that the money stolen was the property of the Cushing Motor Company, a corporation, and that the same was taken without the consent of H. C. Vineyard, the agent of said corporation, having said money in his possession for said corporation. Counsel cite the case White v. State, 24 Tex. App. 231, 5 S. W. 857, 5 Am. St. Rep. 879, in support of this contention. The rule laid down in that case has no application to the law of this state. An allegation of the ownership of the property stolen is necessary in a charge of larceny and that the property stolen was taken without the consent of the owner, either the true owner or of some person having a special ownership in the property. The only way a corporation could give con-

sent would be through its officers and agents. An allegation that property was stolen without the consent of a certain corporation was equivalent to an allegation that the property was stolen without the consent of the officer or agent of such corporation having the care, management, and control of such property. It is not a fatal variance for the information to contain an allegation that the property was taken without the consent of the Cushing Motor Company, a corporation, and the proof to show that the taking was without the consent of the officer or agent of the said Cushing Motor Company. The money taken in the case at bar was the property of the Cushing Motor Company, and the undisputed proof is that said money was taken without the consent of the agent of said Company, having the care, management, and control of said money. Under the repeated holdings of this court, it is only necessary to charge the offense in ordinary and concise language in such a manner as would enable a person of common understanding to know the crime intended to be charged.

In the case of Gunter v. State, 16 Okla. Cr. 476, 184 Pac. 797, the information charged that the property stolen was the property of the D. Means Drilling Company without alleging the names of the persons constituting such company, and that said property was taken without the consent of the drilling company, and without alleging the names of the persons in charge of said company. This court held such charge to be sufficient, and sustained the conviction in the case.

The defendant next contends that the court erred in admitting in evidence the bank deposit book of defendant, which he claimed was obtained from him by force and by means of an unlawful search. The evidence of the state was that the defendant dropped the bank book on

the floor, and that it was picked up by the manager, and that, going to the bank, they learned that two of the marked bills had been deposited by the defendant shortly after the money was missed. Under the evidence of the state, there was no search made of the defendant, and no force used to procure the possession of the bank book which furnished the clue leading to the discovery of the stolen money deposited by the defendant. The record does not support the contention of the defendant that the evidence was obtained by an unlawful search of his person.

Next, the defendant contends that the court erred in overruling his motion to quash the information on the ground that the defendant was not given a preliminary examination. The record introduced by defendant's counsel shows that defendant was notified of all his rights, and that he waived a preliminary examination after having been fully and fairly informed of all his constitutional rights, as shown by the following entry in the case-made:

"On the 26th day of May, 1928, a preliminary complaint having been filed before me, charging the defendant, Fred Owens, with the crime of grand larceny, and being satisfied therefrom that such said offense by said defendant had been committed, I issued a warrant for his arrest, and delivered the same to W. O. Gilchrist, constable, for service.

"That on the 26th day of May, 1928, by virtue of said warrant said defendant was duly and regularly brought before me and informed of the nature of the charge against him, his right to aid of counsel, change of venue and his right to waive examination. That after this information being imparted to the said Fred Owens he waived his preliminary trial in open court."

None of the assignments of error constitute a sufficient reason for granting a new trial. The evidence of the defendant's guilt is overwhelming, and the punishment imposed extremely light. For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.