KENNETH HILDERBRAND v. STATE.

No. A-8994.   Jan. 10, 1936.

(53 Pac. [2d] 588.)

Hugh J. Adams, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J.   Appellant, Kenneth Hilderbrand, and Emil Stevens were jointly charged with the crime of burglary in the second degree.   Upon his separate trial appellant was convicted, and, in accordance with the verdict of the jury, was sentenced to imprisonment in the state penitentiary for a term of two years.   He prosecutes this appeal from that judgment.

The information charges in substance that in Logan county on the 13th of December, 1934, the defendants did then and there willfully, unlawfully, burglariously, and

feloniously break and enter into by prying off the seal of a certain box car No. P. F. E. 38802, on train No. 81, of the Atchison, Topeka & Santa Fe Railway Company, a corporation , as said train was running between Lovell, Okla., and Guthrie, Okla., in which railroad car personal property was had and kept, with the willful, unlawful, burglarious, and felonious intent then and there on the part of them, the said defendants, to commit the crime of larceny therein of personal property, to wit, one box of grapes, which the said defendants unlawfully, burglariously, and feloniously did take, steal, and carry away without the knowledge and consent and against the will of the owner, the Atchison, Topeka & Santa Fe Railway Company.

The information is sufficient to charge the offense defined in subdivision 2 of section 1931, St. 1931. See Keasler v. State, 38 Okla. Cr. 255, 259 Pac. 1059.

It is also contended that the evidence is insufficient to sustain the verdict and judgment, in that it fails to show a felonious intent to steal therein.

The evidence on the part of the state shows that on the date alleged, when Santa Fe train No. 81 arrived at Guthrie from Lovell, a side door on car No. P. F. E. 38802 on said train was open. This car was loaded with crates of grapes, and a crate of grapes had been taken from said car. The said defendants Hilderbrand and Stevens were arrested. Thereafter, while in jail, they signed a confession in the presence of two of the state's witnesses in which they stated that they "rode on train No. 81, a local from Lovell to Guthrie on December 13, 1934, and did break the seal and enter said car loaded with grapes and that they ate and destroyed the contents of one box."

The state's witnesses testified that the confession was voluntarily made after the said defendants had been warned that the same might be used in court against them. This confession is corroborated by all the facts and circumstances in evidence.

It also appears that the car seal of this car was found at Crescent, between Lovell and Guthrie.

On the part of the defense, seven or eight witnesses testified that they lived at Lovell and in that community and knew the general reputation of the defendant Hilderbrand as to being a law-abiding citizen or otherwise and that such reputation was good.

As a witness in his own behalf, the appellant testified that he had lived near the town of Lovell for several years; that he and his codefendant had been drinking that day and boarded an oil car on freight train No. 81 with the idea of riding to Guthrie to see a show; that, when they reached Crescent, they were cold and looked for a box car for shelter; finding no car open, they broke into the car in question; that they had only one idea in mind when they entered the car and that was to get in out of the cold; that, when inside the car, their curiosity got the better of them, and they opened one of the boxes; finding grapes therein, they ate some of them.

On cross-examination he admitted that he had previously been convicted of robbery on a plea of guilty and was sentenced to a reform school in Kansas.

The testimony of Emil Stevens, codefendant, was in substance to the same effect as that of appellant.

The corpus delicti was sufficiently shown by evidence independent of the confessions.

The instructions given by the court, to which no exception was taken, fully covered the law of the case.

The trial, it appears, was in all respects fair, the punishment assessed by the jury is severe, but it is the minimum punishment prescribed by law for the offense charged, and we are unable, after a careful review of the entire record, to find anything sufficient to warrant us in interfering with the verdict, as we have no authority to mitigate minimum punishment. That is a matter that may be urged in an application for executive clemency.

Finding no error in the record, the judgment of the lower court is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.