## DAVE BARNETT v. STATE.

No. A-2016.   Opinion Filed June 13, 1914.

(141 Pac. 234.)

**INTOXICATING LIQUORS—Unlawful Sale—Sufficiency of Evidence.**
In a prosecution for the unlawful sale of intoxicating liquor, the evidence examined, and held to be sufficient to sustain the verdict.

(Syllabus by the Court.)

*Appeal from County Court, Hughes County;*
*J. Ross Bailey, Judge.*

Dave Barnett was convicted of a violation of the prohibitory law, and appeals.   Affirmed.

*Crump & Skinner,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error was tried and convicted on an information which charged that he, Dave Barnett, did, in

Hughes county, on or about the 23d day of March, 1913, commit the crime of selling intoxicating liquor, to wit, alcohol, to Ben Lewis. On the 15th day of April, 1913, in accordance with the verdict, the court sentenced said defendant to be confined in the county jail for a period of 60 days, and to pay a fine of $100. To reverse the judgment an appeal was taken.

The principal question presented is whether the evidence justifies the conviction.

Ben Lewis, the complaining witness, testified that on March 23d, being Sunday, he went to the defendant's place and bought "white whisky" alcohol, and paid him $2.50 for a quart; that Edmond Hobia was with witness.

Edmond Hobia testified that he was with Ben Lewis when he bought a quart of "white whisky" alcohol from the defendant, for which Lewis paid $2.50.

Both witnesses for the state were full-blood Creek Indians.

The defendant, as a witness in his own behalf, testified that he was a full-blood Creek Indian; that on the day alleged Ben Lewis and Hobia came to his place drunk; that he did not sell them alcohol.

Cannuggy Harjo testified that he saw Lewis and Hobia at the defendant's place; that defendant did not sell them any alcohol.

Robert Francis testified that he was at the defendant's place when Lewis and Hobia were there; that they appeared to be drinking; that they did not buy any alcohol there; that he did not see them when they were talking to the defendant.

John Davis testified that he was at the defendant's place, and that Lewis and Hobia asked the defendant for whisky, and the defendant told them he did not have any.

According to the settled rules adopted and followed by this court for the review of cases where a conviction has been had upon conflicting evidence, it is not within the province of this court to disturb the verdict of the jury. Where there is evidence upon a controverted question of fact, it is the peculiar province of the jury to determine its effect and sufficiency.

We have examined the record, and do not find that it contains any error prejudicial to the substantial rights of the defendant. The judgment of the trial court is affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.