## JOE MAGNETTI v. STATE.

No. A-2646.   Opinion Filed January 22, 1917.

(162 Pac. 241.)

1.   .APPEAL AND ERROR—Conviction. When the facts disclosed by the record, under any reasonable consideration thereof, support a verdict of guilty, this court will not reverse a conviction, in the absence of errors of law.

2.   INTOXICATING LIQUORS—Sale—Evidence. In a prosecution for unlawful possession of intoxicating liquor with intent to sell the same, the evidence considered, and held sufficient to sustain the verdict.

*Appeal from County Court, Pittsburg County;*
*S. F. Brown, Judge.*

Joe Magnetti was convicted of a violation of the prohibitory law, and he appeals. Affirmed.

*I. P. Keith,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Magnetti, and Charles Trione were jointly charged with the possession of certain intoxicating liquors, to wit, 120 gallons of Choctaw beer, with the unlawful intent to sell the same. Plaintiff in error asked and was granted a severance; and upon his trial was convicted and his pun-

ishment fixed at confinement in the county jail for 30 days and a fine of $50. He has appealed from the judgment rendered upon such conviction.

The proof on the part of the state is to the effect that on the 5th day of July, 1915, several officers made a raid on the defendant Trione's place at Krebs, which they had raided about 100 times before, and from there went to the defendant Magnetti's place near Alderson, and when the officers reached Magnetti's place they found him and Trione carrying a box containing about 100 bottles of Choctaw beer going from the house towards the woods; that, upon being ordered to halt, they dropped the box and ran, but were soon overtaken and brought back to the house, where the officers found about 120 gallons of Choctaw beer. Evidence was introduced to show that the Choctaw beer was intoxicating. The defendant Trione pleaded guilty to the information.

As a witness in his own behalf Magnetti testified that he was an Italian and unable to speak or understand the English language to any extent; that he and one Gallo batched together in one room of his house, and he rented two rooms to a Frenchman named Leo Le Blan, and he rented another room to Charles Trione; that he and the other occupants of the house, except Trione, were coal diggers, and all batched at this house; that on the day charged Trione came to the house and asked the defendant to help him carry a box of beer down to the creek, and shortly afterwards the officers appeared; that the beer in the house was in the room rented by Trione; that defendant and Gallo had about 12 gallons in their room, which they made for their own use; that he never made any to sell, and did not sell any.

The testimony of the other tenants occupying Magnetti's house was to the effect that Magnetti had never sold any Choctaw beer.

We are of the opinion that the evidence is sufficient to warrant the jury in finding the plaintiff in error guilty as charged. According to the settled rule adopted and followed by this court for the review of cases where the conviction has been had upon conflicting evidence, it is not within the province of this court to disturb the verdict of the jury. Where there is evidence upon a controverted question of fact, it is the peculiar province of the jury to determine its effect and sufficiency. *Barnett v. State,* 11 Okla. Cr. 10; 141 Pac. 234.

Several assignments of error are based upon the instructions given by the court. Our examination discloses there is nothing substantial in them. The charge given by the court fairly and fully presented the issues in the case to the jury. Failing to find any error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and BRETT, J., concur.