## FRANK PACE v. STATE.

No. A-2050. Opinion Filed July 7, 1917.

(165 Pac. 1160.)

1.  **APPEAL AND ERROR—Presumption of Regularity.** In the absence of any affirmative showing to the contrary, it will be presumed on appeal that all proceedings in the lower court were regular, and that all persons appearing in the role of public officers were duly authorized so to do as provided by law.

2.  **BURGLARY—Burglary in the Nighttime—Information.** An information which charges the burglarious breaking and entry of a dwelling in the nighttime with intent to commit larceny therein is good as against demurrer.

3.  **APPEAL AND ERROR—Sufficiency of Evidence.** When the evidence tends reasonably to support a finding of the jury, a judgment of guilty will not be reversed by this court on the ground that the same is contrary to the evidence.

4. **APPEAL AND ERROR—Assignment of Error.** An assignment of error based upon a proposition not properly preserved in the trial court and not supported by any legal showing cannot avail on appeal, and will not be considered by this court.

*Appeal from District Court, Washita County;*
*James R. Tolbert, Judge.*

Frank Pace was convicted of burglary, and he appeals. Affirmed.

*Smith, Smith & Smith,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. Frank Pace was convicted in the district court of Washita county on a charge of burglary, and his punishment fixed at imprisonment in the state penitentiary for a period of two years.

The information charges Pace and two others with having burglarized the residence of M. T. Bonny on the night of October 26, 1909. It appears that the plaintiff in error left the country immediately after the offense was committed and was for a long time a fugitive from justice; that he was arrested at Amarillo, Tex., and escaped from the officers, but was later captured and returned to Oklahoma for trial. M. T. Bonny and his family live on a farm about 18 miles west of Cordell, in Washita county, Okla. On the night of October 26, 1909, Bonny and his family went to prayer meeting at the neighborhood church and on return discovered that the house had been entered and ransacked. Screens were cut from the windows and the glass broken out. The glass was also broken from the doors. The dresser drawers, wherein Bonny kept his valuable papers, had been plundered and a number of important documents carried away. A bed had been ripped open with a sharp instrument, and

the contents piled up on the floor, and, as stated by one of the witnesses, everything was "topsy turvy." A small amount of money was taken from a clock on the mantel. Every apparent place for the concealment of money or valuables was searched. Bonny had sold several bales of cotton for which he had received some $600 or $700 in cash. The burglars were evidently searching for this money, and were defeated in the effort to steal the same because he had secreted it on his person instead of in his home. Certain household articles were carried away, but most of them were recovered.

Frank Pace, John Pruitt, and Buck Spradlin were seen in the neighborhood driving a team to an open buggy. Buggy tracks and mule tracks answering the description of those driven by these parties were found at the Bonny place. Three or four different witnesses saw these parties driving along the highway. They seem to have engaged in a general disturbance of the neighborhood, having stopped at two or three places in the community and discharged firearms, and being fired on by one or two men in the neighborhood. These and many other circumstances conclusively point to the guilt of Pace and his associates. The defendant did not testify in his own behalf, and offered no witnesses or proof of any kind in his defense.

The preliminary complaint was filed before one Coker, justice of the peace, in November, 1911, and approved by R. Brett, special county attorney. An amended complaint was filed on the 3d day of February, 1912, charging Pace with the crime and setting forth the fact that he had been a fugitive from justice for more than a year following October 26, 1909, and was at the time a fugitive from justice.

A preliminary trial was held on the 3d day of February, 1912, and Pace was bound over to await the action of the district court. Before the information was filed in the district court, the complaint lodged with the justice of the peace was lost and a copy was filed with the clerk and certified to by the justice of the peace as being the complaint upon which the hearing was had and the order made holding Pace to the district court for trial.

It is urged on behalf of plaintiff in error that there was no valid complaint filed, and that R. Brett was not legally appointed special county attorney to act in the premises. A motion to quash the information on this ground, among others, was filed and overruled by the trial court. A demurrer was filed to the information, which was also overruled by the trial court. There is nothing in the record to indicate that R. Brett was acting without authority and proper appointment from the district court of Washita county. At the hearing on the motion to set aside the information, no proof upon this point is disclosed in our search of the record, and no reference is made to any in the brief of counsel. In the absence of any showing to the contrary, it will be presumed on appeal that all proceedings in the lower court were regular, and all persons appearing as public officers were duly authorized so to do as provided by law. Besides, the lawful county attorney filed the information in the district court, thereby adopting and approving the proceedings theretofore had.

The charging part of the information is as follows:

"Did then and there unlawfully, willfully and feloniously in the nighttime break and enter into a certain building and structure, to wit, the residence and dwelling of M. T. Bonny in which there was no human being at said

time of breaking; the said building being then and there the property of and under the control of the said M. T. Bonny, and there being then and there property kept in said building, to wit, household goods, money and other effects, a more particular description of which is to the county attorney unknown, the said property being then and there the property of the said M. T. Bonny. The said Frank Pace, Buck Spradlin, and John Pruitt did then and there, with felonious intent to steal, take and carry way by fraud and stealth said property so kept in said building, break into and enter said building in the nighttime as afore said, the manner of said breaking being by the county attorney unknown, with felonious intent to then and there take, steal and carry away said property as aforesaid, and to deprive the said M. T. Bonny of same and the value thereof, without the consent of the said M. T. Bonny, and to convert the same to the use and benefit of them, the said Frank Pace, Buck Spradlin, and John Pruitt, contrary to the form of the statutes in such cases made and provided, and against the dignity of said state. That the said Frank Pace has been a fugitive from justice and absent from the State of Oklahoma for more than one year since the 26th day of October."

A demurrer was filed to this information, and is as follows:

"Comes now the defendant above named and demurs to the information filed herein for the reason that the said information does not contain facts which constitute an offense against the laws of the State of Oklahoma."

The demurrer was overruled by the trial court. In our judgment, this information sufficiently charges the burglarious breaking and entry of the building with the felonious intent to commit larceny therein. It therefore follows that the demurrer was properly overruled.

Counsel next contend that the verdict of the jury is contrary to the evidence, and that the jurors based the

verdict on the fact that the plaintiff in error failed to testify in his own behalf. These assignments are wholly without merit. The jury made no mistake. The question of whether or not the jury discussed the fact that the plaintiff in error failed to testify in his own behalf is not raised by any legal showing.

A careful examination of the record discloses no prejudicial error. The judgment of the trial court is therefore in all things affirmed.

DOYLE, P. J. and MATSON, J., concur.