## STATE v. D. F. UNDERWOOD.

No. A-3407.   Opinion Filed May 22, 1920.

(190 Pac. 281.)

(Syllabus.)

1.  **INDICTMENT AND INFORMATION—Sufficiency of Information.** An information charging the offense in ordinary and concise language without repetition, in such a manner as to enable a person of common understanding to know what is intended, is sufficient.

2.  **PROPERTY—"Ownership" of Chattel.** Ownership of a chattel denotes possession, dominion, and control over it.

3.  **INDICTMENT AND INFORMATION—Using Statutory Language.** Words used in a statute to define a public offense need not be strictly pursued in the information, but other words conveying the same meaning may be used.

4.  **INDICTMENT AND INFORMATION—Certainty to a Certain Extent.** The common-law doctrine of a strict construction of criminal law and all proceedings in criminal cases, and that an information should be certain to a certain intent in every particular, is not in force in Oklahoma.

5.  **FALSE PRETENSES—Information—Sufficiency.** For reasons holding an information sufficient as charging the defendant with having obtained certain property by false pretenses, as against a motion in arrest of judgment, see body of opinion.

*Appeal form District Court, Bryan County;*

*Jesse M. Hatchett, Judge.*

D. F. Underwood was convicted of the crime of obtaining property by false pretenses and his punishment fixed by verdict at imprisonment for two years, and, from an order arresting the judgment, the State appeals. Reversed, and cause remanded, with directions to overrule the motion in arrest of judgment and pronounce judgment in conformity with the verdict.

*Chas. P. Abbott,* Co. Atty., and *S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

*Hatchett & Ferguson,* for defendant in error.

MATSON, J.   This is an appeal by the state from an order of the district court of Bryan county arresting the judgment upon a trial in which the defendant, Underwood, was convicted of the crime of obtaining property by false pretenses, and the punishment fixed by the jury's verdict at imprisonment in the state penitentiary for a term of two years.

The information upon which this prosecution is based, omitting the caption, is as follows:

"Comes now Chas. P. Abbott, the duly qualified and acting county attorney in and for  Bryan county,  state of Oklahoma, and gives the district court of Bryan county and State of Oklahoma to know and be informed that the above-named defendants, D. F. Underwood, and Frank Adams, late of Bryan county, did in Bryan county and in the state of Oklahoma, on or about the 15th day of November, in the year of our Lord one thousand nine  hundred  and fourteen, commit the crime of obtaining property under false pretenses in the manner and form as follows:

"That is to say, the defendants did in said county and state, at the date above named, unlawfully, willfully, and feloniously represent to one I. C. Tally that one D. F. Under-

wood was the owner of a certain good and valid note for the sum of $1,250.00, and that said note was secured by a mortgage on certain lands located in Murray county, Okla., and relying upon said representations as being true, and believing same to be true, the said I. C. Tally was then and there induced to and did part with a certain stock of goods located at Silo, Okla., in exchange for said note and mortgage, when in truth and in fact said note was bogus and was not secured by mortgage on said lands as represented and same is worthless, all of which said defendants then and there well knew, and the said representations were made designedly, fraudulently, feloniously and willfully with intent to wrong, cheat and defraud the said I. C. Tally out of the said stock of goods and the value thereof, contrary to the form of statutes in such cases made and provided, and against the peace and dignity of the state."

Section 2694, Revised Laws 1910, is the statute upon which this prosecution was based, and reads as follows:

"Any person who, with intent to cheat or defraud another, designedly, by color or aid of any false token or writing, or other false pretense, obtains the signature of any person to any written instrument, or obtains from any person any money or property, is punishable by imprisonment in the penitentiary not exceeding three years or in a county jail not exceeding one year, or by a fine not exceeding three times the value of the money or property so obtained, or by both such fine and imprisonment."

No demurrer was interposed to said information in the lower court, neither was any objection made to the introduction of evidence upon the ground that the information failed to state a public offense. The first time the sufficiency of the information was attacked in the lower court was after verdict, and upon motion in arrest of judgment, which reads as follows:

"Now comes the above-named defendant and moves the court to set aside and vacate the verdict of the jury returned in this cause and dismiss this action for the following reasons and on the following grounds, to wit: .

"Because the information filed against the defendant in this action does not state facts sufficient to constitute a public offense against the state of Oklahoma and does not state facts sufficient to constitute the offense of false pretense with which it attempts to charge the defendant.

"Of all of which the defendant prays the judgment of the court."

Section 5791, Revised Laws 1910, provides:

"The defendant may demur to the indictment or information when it appears upon the face thereof, either:

"First.  That the grand jury by which an indictment was found had no legal authority to inquire into the offense charged, by reason of its not being within the legal jurisdiction of the county.

"Second.  That it does not substantially conform to the requirements of this chapter.

"Third.  That more than one offense is charged in the indictment or information.

"Fourth.  That the facts stated do not constitute a public offense.

"Fifth.  That the indictment or information contains any matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution."

Section 5799, *Id.*, provides:

"When the objections mentioned in section 5791 appear from the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment."

Section 5939, *Id.*, provides:

"A motion in arrest of judgment is an application on

the part of the defendant that no judgment be rendered on plea or verdict of guilty, or on a verdict against the defendant on a plea of former conviction or acquittal. It may be founded on any of the defects in the indictment or information mentioned as grounds of demurrer unless such objection has been waived by a failure to demur, and must be before or at the time the defendant is called for judgment."

In *Rhea v. U. S.,* 6 Okla. 254, 50 Pac. 993, it is said:

"The defendant below, so far as the record in this court discloses, neither moved to set aside the indictment nor demurred thereto, and has therefore waived all objections to the same, except that it does not state facts sufficient to constitute a public offense, or to give the court jurisdiction of the subject-matter."

It follows from the foregoing statutes and the decision of this court in the *Rhea Case* that, if the information upon which this prosecution is based is sufficient to state a public offense (as that is the only statutory ground upon which it was attacked in the lower court by motion in arrest of judgment), then the order of the trial court arresting the judgment should be reversed; otherwise, sustained.

Counsel for defendant have filed an elaborate brief basing the contention that the information is wholly insufficient to charge a public offense upon the sole ground:

"It is nowhere alleged in the information that the defendant obtained said stock of goods, any benefit therefrom, or any part thereof."

In the case of *White v. State,* 4 Okla. Cr. 146, 111 Pac. 1012, this court said:

"If the indictment was defective this matter should have been called to the attention of the trial court by proper motions before the defendant entered his plea. This is

the reason why the defendant is allowed by statute one day in which to plead. If the defendant enters his plea and waits until the introduction of the evidence to object to the sufficiency of the indictment, the objection should be overruled if by any * * * intendment the indictment can be sustained."

The decision in the *White Case* has been uniformly followed by the later decisions of this court, and states the correct rule in this jurisdiction by which the sufficiency of the information should be measured on a motion in arrest of judgment.

The second subdivision of section 5738, Revised Laws 1910, provides:

"The indictment or information must contain: * * *· A statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended."

Section 5744, *Id.*, provides:

"The words used in an indictment or information must be construed in their usual acceptation, in common language, except words and phrases defined by law, which are to be construed according to their legal meaning."

Section 5745, *Id.*, provides:

"Words used in a statute to define a public offense need not be strictly pursued in the indictment or information, but other words conveying the same meaning may be used."

Section 5746, *Id.*, provides in part:

"The indictment or information is sufficient if it can be understood therefrom: * * *

"Sixth. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition and in such a manner as to enable a person of common understanding to know what is intended.

"Seventh. That the act or omission charged as the offense, is stated with such a degree of certainty, as to enable the court to pronounce judgment upon a conviction according to the right of the case."

The information in this case alleges that the defendant, Underwood, "Willfully and feloniously represented to one I. C. Tally that he, Underwood, was the owner of a certain good and valuable note for the sum of $1,250.00, and that said note was secured by a mortgage on certai. lands located in Murray county, Okla." The allegation that the said Underwood was the owner of such a note and mortgage was equivalent in meaning, according to lexicographers, to an allegation also that the said Underwood was possessed of such property. *Thomas v. Blair,* 111 La. 678, 35 South. 811. Ownership of a chattel denotes dominion and control over it.

The information further alleges that—

"The said Tally, relying upon said representations as being true, and believing same to be true, was then and there induced to and did part with a certain stock of goods located at Silo, Okla., in exchange for said note and mortgage."

Webster defines the word "exchange" to mean:

"To part with, give or transfer to another in consideration of something received as an equivalent; usually followed by 'for' before the thing received; to barter, swap, as 'to exchange horses,'" etc.

The allegations quoted above are equivalent in the opinion of this court, according to their meaning in common language, to an allegation directly charging that the said Underwood obtained from the said Tally, by means of such representations as aforesaid, a certain stock of goods located at Silo, Okla., in exchange for the said certain note and mortgage, of which he, the said Underwood, was then and there the owner and possessed. If such language would in its ordinary and usual acceptation be understood to mean that the defendant in fact obtained the stock of goods, the information was sufficient in that respect to comply with the requirements of the statutes oi this state, even if a construction could be placed upon s? language to the contrary, because it has never been the rule in this state that indictments or informations are require to contain that degree of certainty to a certain intent in particular which was formerly required, and now is, in some other jurisdictions where a strict construction prevails as to criminal pleadings.

In *Price v. State,* 9 Okla. Cr. 359, 131 Pac. 1102, it is held:

"The common-law doctrine of a strict construction of criminal law and all proceedings in criminal cases, and that an indictment should be certain to a certain intent in every particular, is not in force in Oklahoma."

Also, it has been held that if an indictment or information "states the facts in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, it is sufficient." *Star v. State,* 9 Okla. Cr. 210, 131 Pac. 542; *Deen v. State,* 7 Okla. Cr. 150, 122 Pac. 941.

Counsel for the defendant have cited several authorities in which points closely related to the one raised in this case were considered, and in which decisions the courts of other states have held indictments and informations containing allegations similar to those in this information insufficient to charge the offense of false pretenses, on the ground that such allegations do not sufficiently charge that the defendant obtained money or property, which is the gravamen of the offense under the statutes.

But in view of our statute above cited, such decisions cannot be held controlling upon this court, which has in the past followed more liberal and reasonable rules than obtain in the states from which such decisions come. Our statutes applying to the construction to be given indictments or informations are clearly antagonistic to the idea that such pleadings are to receive a strict technical construction. The court is of the opinion that the information above quoted sets forth the offense of false pretenses in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, and that the offense is charged with a sufficient degree of certainty to enable the court to pronounce judgment upon the conviction according to the right of the case. Viewed from such a standpoint, the information is sufficient, and the trial court erred in sustaining the motion in arrest of judgment.

For the reasons stated, the order of the district court of Bryan county, sustaining the motion in arrest of judgment, is reversed, and the cause remanded, with instructions to the trial court to overrule the motion in arrest of judgment and to pronounce judgment upon the defendant

in conformity with the verdict returned, and for further proceedings in accordance with law.

DOYLE, P. J., and ARMSTRONG, J. concur.