## HARRY MURNAND v. STATE.

No. A-3463—Opinion Filed Feb. 26, 1921.

(195 Pac. 787.)

(Syllabus)

1.  **APPEAL AND ERROR—Review—Conviction on Conflicting Evidence.** Where there is some competent and apparently credible evidence in the record which would authorize the jury to reasonably conclude that defendant is guilty as charged, this court will not substitute its judgment for that of the jury on the question of the sufficiency of the evidence, even though there be a sharp conflict in the evidence.

2.  **TRIAL—Instructions—Sufficiency.** Where the instructions as a whole fairly cover the law of the case and are not misleading, although some instructions are inartificially drawn, the general charge will be held sufficiently comprehensive.

3.  **ASSAULT AND BATTERY—Penitentiary Sentence Modified.** For reasons given for modifying the judgment, see body of opinion.

*Appeal from District Court, Cleveland County;*

*F. B. Swank, Judge.*

Harry Murnand was convicted of the crime of as-

sault with a dangerous weapon, and appeals. Modified and affirmed.

*J. B. Dudley* and *Thomas W. Mayfield*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *W. C. Hall*, Asst. Atty. Gen., for the State.

MATSON, J. Plaintiff in error, Harry Murnand, hereafter designated defendant, and Johnson and Hudie Philpot were jointly charged by information in the district court of Cleveland county with assaulting one E. B. Cornelius with a dangerous weapon on December 17, 1917. A severance was granted this defendant, and on the 26th day of March, 1918, he was convicted of said crime, and sentenced to serve a term of one year and one day in the state penitentiary. From this judgment he has appealed to this court.

In substance the facts are as follows: Cornelius, the prosecuting witness, was principal of the high school at Noble. About two days before the day on which the alleged assault took place, Cornelius had sworn to a complaint charging these two Philpot boys and a brother of defendant Murnand with having disturbed the public peace at a gathering on the school premises in the town of Noble. This action on the part of Cornelius evidently incensed these boys, whose ages ranged from 18 to 20 years, and they went to the railroad station in the town of Noble close to where Cornelius was rooming, and when defendant came to the railroad station about 5 o'clock in the afternoon to look after a package of express, these boys, according to Cornelius' testimony, assaulted him, Murnand striking at and striking him with a piece of

iron which Cornelius said Murnand carried in his pocket, inflicting certain injuries, which were not, according to the testimony of the attending physician, of a serious nature, on the face and head of Cornelius. Cornelius positively identified this defendant and the two Philpot boys as the ones who assaulted him on that occasion.

Defendant, although admitting his presence at the scene of the alleged assault, denies positively taking any part in it or striking the prosecuting witness with an iron bar or any other weapon, or even with his fists. In this defendant is corroborated by the testimony of the Philpot boys, who state that the only assault made upon the prosecuting witness was by the defendant Hudie Philpot, and that such assault was made only with his fists.

There is certain evidence in the record tending to show that prosecuting witness made contradictory statements as to how the trouble occurred and as to who assaulted him. There is also evidence in the record which tends to support the testimony of the prosecuting witness that this defendant and the two Philpot boys were the identical persons assaulting him.

It is contended that the evidence is insufficient to sustain the conviction.

This contention is without merit. While there is a direct conflict in the evidence, the positive testimony of the prosecuting witness that defendant assaulted him with a piece of iron, and the other evidence tending to corroborate his statements, is amply sufficient to sustain a verdict of guilt. The argument of counsel for defendant in support of this assignment of error is lodged against the weight of the evidence and of the credibility of the wit-

nesses—questions exclusively for the determination of the jury; and this court will not substitute its judgment for that of the jury, even though there be a sharp conflict in the evidence, provided there is some competent and apparently credible evidence in the record which would authorize the jury to reasonably conclude that defendant is guilty as charged. *Prather v. State,* 14 Okla. Cr. 327, 170 Pac. 1176; *Kliensmith v. State,* 15 Okla. Cr. 215, 175 Pac. 943; *Gunter v. State,* 16 Okla. Cr. 476, 184 Pac. 797; *Hodges v. State,* 16 Okla. Cr. 183, 182 Pac. 260.

It is also contended that the court erred in giving certain instructions to the jury that had the effect of putting the burden upon the defendant to prove himself not guilty of the crime.

We have carefully examined the instructions complained of, and have considered the same in connection with the other paragraphs of the general charge, and, while some of the instructions are inartificially drawn the charge as a whole in our opinion fairly covers the law of the case, and cannot be said to be sufficiently misleading to authorize a reversal of this judgment.

The brief of counsel for defendant includes (in the event that the court does not consider the evidence insufficient or the instructions materially prejudicial) a request that this court modify the judgment so as to relieve defendant of a penitentiary sentence. The evidence discloses that defendant is a young man only 18 years of age, who had prior to this alleged difficulty borne a splendid reputation for peace and quietude and as a law-abiding citizen. He had never been in any other

trouble, nor even charged or suspicioned of criminal conduct prior to this time.

The punishment prescribed for assault with a dangerous weapon is by imprisonment either in the penitentiary or in the county jail, in addition to which the court would be authorized in the exercise of a sound discretion to impose a fine not exceeding $200 (section 2812, Revised Laws 1910).

We believe that this is not a case where defendant should be subjected to the odium which will necessarily follow from his incarceration in the penitentiary. However, it is a case deserving of considerable punishment. The assault was without apparent provocation.

We believe, however, that the ends of justice will be best subserved by a modification of the judgment to provide a fine of $200 and imprisonment in the county jail for a period of 90 days, and costs of the prosecution.

As so modified, the judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.