# PAT WHITFIELD v. STATE.

No. A-5685.  Opinion Filed May 14, 1927.
(256 Pac. 68.)

Sigler & Jackson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter

called the defendant, was indicted by a grand jury of the district court of Carter county, which indictment, omitting the caption, is as follows:

"At the January term, a term of the district court of the eighth judicial district of the state of Oklahoma, held in and for Carter county, the state of Oklahoma, in the town of Ardmore, and begun on the —— day of January, in the year of our Lord one thousand nine hundred and twenty-four, the jurors of the grand jury of said county, good and lawful men who had been drawn and summoned according to law and then and there returned, examined, impaneled, sworn, and charged, according to law, to diligently inquire into and true presentment make of all offenses against said state of Oklahoma, committed or triable within said county upon their oaths, in the name and by the authority of said state of Oklahoma, do present and find that in said county of Carter, in said state of Oklahoma, on the —— day of January, 1922, the above named defendant, Pat Whitfield, did then and there willfully, unlawfully, fraudulently, and feloniously with the fraudulent and felonious intent then and there to cheat and defraud and by means and use of a certain false and bogus instrument in writing, to wit, a certain false and bogus pay roll claim which the said Pat Whitfield then and there well knew to be false and bogus, receive and obtain from Carter county, a municipal division of said state of Oklahoma, the sum of $928.75 good and lawful money of the United States of America and of the value of $928.75, good and lawful money of the United States of America; which said false and bogus instrument is in words and figures as follows, as evidenced by a true copy thereof, hereto attached and made a part of this indictment, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state."

The defendant filed a demurrer to the indictment, which demurrer was considered by the court and overruled and defendant duly excepted. The defendant was tried by a jury and convicted, the verdict returned against him finding him guilty of passing a bogus instrument as

charged in the indictment, and asking the court to fix the punishment, as the jury could not agree upon the same. Motion for a new trial was filed, considered, and by the court overruled and exceptions duly saved by the defendant. Upon the verdict rendered the court sentenced the defendant to confinement in the state penitentiary at McAlester, in the state of Oklahoma, for a term of seven years. To reverse the judgment and sentence the defendant has appealed to this court.

The defendant has assigned nine errors alleged to have been committed by the trial court. The errors we deem necessary to consider will be disposed of as presented by the defendant. The first assignment of error is:

"The court erred in overruling defendant's demurrer to the indictment and erred in overruling the defendant's objection to the introduction of testimony as shown in their record herein."

The defendant is charged in the indictment:

"That he willfully, unlawfully, fraudulently and feloniously, with the fraudulent and felonious intent then and there to cheat and defraud and by means and use of a certain false and bogus instrument in writing * * * obtain from Carter county, a municipal division of the state of Oklahoma, the sum of $928.75; that the defendant then and there well knew the said bogus payroll was false."

The defendant urges that his demurrer to the indictment should have been sustained, for the reason that there is no authority in law for the alleged false or bogus instrument to be set out in the indictment as an exhibit to the same. Upon an examination we find that the pay roll alleged to have been false and bogus is attached to and made a part of the indictment; that is, it is alleged in the indictment that said false and bogus instrument is in words and figures as follows as evidenced by a true copy hereto attached and made a part of this indictment.

The only argument the defendant in his brief presents upon the question of the pleading of the state on the bogus pay roll upon which the defendant is alleged to have procured the money from Carter county is as follows:

"The first thing we wish to call the court's attention to is the exhibit attached to the indictment, and we are frank to say to you after a thorough search of all the authorities at our command, we fail to find where this court or any other court has discussed the question of an exhibit being attached to an indictment, and we take the position that an indictment cannot be aided by an exhibit, and that the exhibit is not a part of the indictment, and therefore an account or claim attached to the indictment is not a part of the indictment. If this is true the indictment is fatally defective in that it does not set out the instrument which is claimed to be false and bogus."

In the indictment it is alleged that a true copy of the bogus pay roll is attached to the indictment and made a part of it. The indictment sufficiently informs the accused of the offense with which he is charged with such particularity as would enable him to prepare for his trial, and so defines the offense that the accused, if convicted or acquitted, will be able to defend himself in case he is indicted again for the same offense by pleading the record of such former conviction or acquittal and is good as against a demurrer. Smythe v. State, 2 Okla. Cr. 286, 101 P. 611, 139 Am. St. Rep. 918; Price v. State, 9 Okla. Cr. 359, 131 P. 1102; State v. Underwood, 17 Okla. Cr. 443, 190 P. 281.

The third error assigned by the defendant is against the court refusing to sustain his motion for an instructed verdict of not guilty. The motion to direct a verdict is within the sound discretion of the court, and, unless there is a total absence of incriminating evidence, it will not be error to let the case go to the jury. Where

there is a clear conflict of the evidence, or if the evidence is such that different inferences may reasonably be drawn therefrom, this court will not interfere with the jury's determination; unless the evidence is clearly against the weight of the evidence, or there is something in the record which shows that it was influenced by passion or prejudice, this court will not substitute its judgment on the question of the weight of the evidence for that either of the jury or the trial court, provided there is competent evidence from which a jury might reasonably conclude that the defendant was guilty of the crime charged.

An examination of the record in this case shows that the evidence is conflicting, but sufficient to sustain the verdict of the jury, and the defendant's motion for a directed verdict was properly overruled. Brimmage v. State, 17 Okla. Cr. 205, 187 P. 497; Davis v. State, 10 Okla. Cr. 169, 135 P. 438; Magnetti v. State, 13 Okla. Cr. 102, 162 P. 241; Pace v. State, 13 Okla. Cr. 580, 165 P. 1160; Valdez v. State, 18 Okla. Cr. 204, 194 P. 451; Murnand v. State, 18 Okla. Cr. 426, 195 P. 787; Cole v. State, 18 Okla. Cr. 430, 195 P. 901.

The fourth error assigned by the defendant relates to instructions 3, 4, and 5, given by the court. An examination of these instructions show that they were applicable to the facts in this case and clearly stated the law and that the defendant was not prejudiced thereby.

In his fifth assignment of error defendant complains that the court erred in instructing the jury that if they could not agree on the punishment to return a verdict of guilty and permit the court to assess the punishment. An examination of the record fails to disclose that the defendant made any special request of the court to instruct the jury that he desired the jury to fix

the punishment, should it find him guilty, and not leave the punishment to the court. The record discloses that after the jury had been out for some time it returned into court and had agreed upon a verdict, but was unable to agree upon the punishment, and the court instructed the jury in substance:

"That if you should agree upon a verdict as to the guilt or innocence, and you are unable to agree upon the amount of punishment to be assessed, then you may return a verdict of guilty into court and request the court to assess the punishment."

The record further discloses that the jury thereafter returned into court finding the defendant guilty and leaving the punishment to be fixed by the court, and the defendant reserved an exception to this verdict.

Defendant in his brief cites the case of Craig v. State, 31 Okla. Cr. 19, 236 P. 909, wherein this court said:

"To the constitutional right of a speedy and public trial by an impartial jury of the county in which the crime shall have been committed, the statute gives the supplemental right to have the jury assess the punishment, where the defendant demands it. Held, that it was the imperative duty of the court, made so by the statute, to so instruct the jury upon the request of the defendant, and it was reversible error to refuse to do so."

In this case the defendant seems to have waived this provision of the statute—at least it nowhere appears in the record that he requested the court to instruct the jury to fix the punishment; the record disclosing only that he saved a general exception to the instruction of the court advising the jury it might find a verdict of guilty and leave the punishment to be fixed by the court. We do not think the record discloses an error committed by the court in giving of the instruction to the jury as to the fixing of the punishment

by the court if it could not agree upon the punishment, if it did agree upon the guilt of the defendant.

The sixth error alleged by the defendant to have been committed by the court is:

"The judgment of the court is contrary to the law and the evidence."

From an examination of the record we find the court correctly instructed the jury as to the law of the case, and we find the evidence sufficient to sustain the verdict. The defendant complains of the action of the court in overruling his motion for a new trial. The conclusion we have reached in this case on the other errors assigned by the defendant disposes of this error, and it is not deemed necessary to discuss the question.

In this case the testimony is conflicting, yet the testimony is sufficient to sustain the verdict of the jury. The court correctly stated the law to the jury, and, finding no errors in the record sufficient to warrant a reversal, the case is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.