WILL BRYAN v. STATE.

No. A-6497. Opinion Filed Oct. 6, 1928.
(270 Pac. 860.)

Roy White, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter called the defendant, was convicted in the county court of McIntosh county with unlawfully and wrongfully interfering with, cutting, defacing, and injuring a Ford touring car, and was sentenced to pay a fine of $75 and to be confined in the county jail for 30 days.  Motion for new trial was filed and overruled.  Defendant duly excepted and has appealed to this court for review.

The testimony on behalf of the state shows that the witness Jess Parker and some other officers had arrested some parties for disturbing church and started to the county seat with them; when they reached a point on the road known as Simpson mountain, the car stopped and they were trying to ascertain what the trouble was, and while stopped one of the prisoners got away; they took the other prisoner out to the side of the road and waited for some time; shortly thereafter this defendant and some one else came up to the car, and the defendant struck a match

and lit a cigarette. The witness Parker identified him. They cut several holes in the casing on the car and took the coils out, and in every way possible injured the car. The witness positively identified the defendant as being one of the parties who cut the casings and took the coils out of the car.

The defendant in his own behalf denies any knowledge of the injury to the car, and denies that he was present; he admits he was at the arbor where the church services were being held the night of the alleged offense where Jess Parker, the witness for the state, arrested his brother and a man by the name of Mullinax.

The defendant has assigned 13 errors alleged to have been committed by the trial court, but in his brief he states that he will rely upon two assignments of error, which are as follows:

"(1) The verdict returned by the jury in this cause is and was not supported by the evidence.

"(2) That the verdict returned by the jury in this cause is contrary to the law and evidence."

The testimony in this case in conflicting. The state witnesses swearing positively to seeing the defendant take part in cutting the casings on the car and helping remove the coils. The defendant denies that he was present.

The weight of the evidence, as well as the credibility of the witnesses, are matters for the exclusive determination of the jury. Where there is a clear conflict in the evidence, as in this case, this court will not substitute its judgment on the question of the weight of the evidence for that of the jury, provided there is competent evidence from which the jury may reasonably conclude the defendant was

guilty of the crime charged. Davis v. State, 10 Okla. Cr. 169, 135 P. 438; Brimmage v. State, 17 Okla. Cr. 205, 187 P. 497; Murnand v. State, 18 Okla. Cr. 426, 195 P. 787; Cole v. State, 18 Okla. Cr. 430, 195 P. 901.

Finding no prejudicial error in the record, the case is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.