### WALTER KIBBE v. STATE.

No. A-8556. Aug. 4, 1933.
(24 Pac. [2d] 300.)

C. B. Leedy, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of burglary in the second degree, and was sentenced to be confined in the state penitentiary for a period of two years, and appeals.

There is no conflict in the testimony, and the defendant does not urge the question of the insufficiency of the evidence.   In his petition in error the defendant urges that his demurrer to the information should be sustained on the ground that the information does not state an offense of burglary in the second degree.   Omitting the caption and the allegation as to the date and the county in which the offense was committed, the charging part of the information is as follows:

"That is to say the said defendant, Walter Kibbe, then and there being, in Ellis county, Oklahoma, did then and there unlawfully, willfully, wrongfully, burglarously and feloniously, in the night time, break and enter into a certain frame building located on the southwest quarter of section 22, township 19 north, range 24 W. I. M. in Ellis county, Okla., said building being then and there in the possession and under the control of Fred Mier, by breaking open the outer door of said building, with the felonious and burglarous intent then and there, upon the part of the said defendant, to steal therein, by the said defendant then and there taking, stealing and carrying

away, without the consent of the said Fred Mier, certain personal property of value, which property then and there belonged to the said Fred Mier, in said building so kept and contained, with the unlawful and felonious intent then and there, upon the part of said defendant, to deprive the said owner thereof permanently and to convert the same to his own use and benefit."

To this information the defendant demurred, first, upon the ground that the information does not state facts sufficient to constitute a public offense against the laws of this state; second, that more than one offense is attempted to be set forth in the same information; third, that the court has no jurisdiction of the person of the defendant or the subject-matter of the action. There is no merit in the second and third paragraphs of the demurrer, as the record clearly shows that there is but one offense attempted to be charged in the information, and the court had jurisdiction of both the person of the defendant and the subject-matter of the charge.

It is urged by the defendant that his demurrer should have been sustained on the ground that the information does not state facts sufficient to constitute a public offense. The sixth subdivision of section 2563, C. O. S. 1921, now section 2891, subd. 6, Okla. Stats. 1931, is as follows:

"That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended."

Section 2561, C. O. S. 1921, now section 2889, Oklahoma Statutes 1931, reads as follows:

"The words used in an indictment or information must be construed in their usual acceptation, in common

language, except words and phrases defined by law, which are to be construed according to their legal meaning."

An information is sufficient which states facts clearly and distinctly, in ordinary and concise language, without repetition, and which, construed under the ordinary rules of construction of the English language, would enable a person of common understanding to know what was meant and to apprise the defendant of the exact nature of the offense with which he is charged, although the same does not contain all the phraseology and technical language ordinarily used in criminal pleadings.

In this case, the defendant in his brief finds fault with the grammatical construction of the information. While we are willing to admit that the pleader might have used a little more care and have drawn the information so as to have made it satisfactory to the defendant, yet we hold that the information stated facts sufficient to advise the defendant of the crime charged against him, and that any person could understand that the defendant in this case was charged with breaking into and entering a building in the nighttime for the purpose of committing larceny and informed the defendant of the offense of which he was charged with such particularity as enabled him to prepare for his trial, and so defined and identified the offense that the defendant, if convicted or acquitted, would be able to defend himself in case he be indicted or an information filed against him again for the same offense by pleading the record of such former conviction or acquittal. Keasler v. State, 38 Okla. Cr. 255, 259 Pac. 1059; Reed v. State, 17 Okla. Cr. 662, 191 Pac. 1041; Coffelt v. State, 36 Okla. Cr. 365, 254 Pac. 760; Whitfield v. State, 37 Okla. Cr. 37, 256 Pac. 68.

34

The information is sufficient, and the court did not err in overruling the defendant's demurrer. No fundamental or prejudicial errors appearing in the record, the judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.