George **HIGHTOWER, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

No. A–12649.

Criminal Court of Appeals of Oklahoma.
March 18, 1959.

W. A. Billingsley, Wewoka, Tom Smith, Wewoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, George Hightower, defendant below, was charged by information in the District Court of Seminole County, Oklahoma, with the crime of murder. He was tried to a jury, convicted of manslaughter in the first degree, and sentenced to a term of ten years in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

This appeal presents but one question for our determination. Briefly, the facts incident to a solution of the question are as follow. The defendant, Hightower, was charged with the crime of murder and in the proceedings preliminary to trial, the county attorney filed an unverified petition with the trial court alleging, "that the question arises as to his (defendant's) sanity or state of mental health and that since the court has jurisdiction of said criminal proceedings said defendant should be committed to the Taft Negro Mental Hospital at Taft, Oklahoma, for examination for a period of time not to exceed ninety days pursuant to Title 43A, Section 60, OSA 1951." To this petition, Mr. Huser, defendant's counsel at that time, interposed a demurrer challenging the court's jurisdiction to hear the matter thus presented and alleging that the petition did not state sufficient facts to call the trial court's attention to the alleged mental retardation of the defendant. Shortly thereafter, Mr. Huser withdrew from the case and it appeared in the original record filed herein, the issues thus drawn by the proceedings were never thereafter presented to the court and no claim was asserted by new counsel for the defendant of either insanity at the time of the commission of the crime or insanity at the time of trial. It further appeared therein no action was ever taken by the trial court on the county attorney's petition or the demurrer thereto.

On this premise, based on the original record before supplementation thereof, on January 14, 1959, this Court held:

"Under the provisions of 22 O.S.1951 § 1161, a person laboring under the disability of present insanity cannot be tried for criminal acts while said person is so afflicted, since the statutory provision is a bar to such proceeding.

"Where the question of present sanity of an accused is raised by the county attorney by pleading filed in the case, the very nature of the county attorney's position in the case creates an atmosphere of substance, commands respect, and requires not only presentation of the question by him, but investigation by the trial court and final disposition thereof before proceeding to trial as an essential part of due process, and such disposition must affirmatively appear from the record."

After the rendition of the opinion, it was called to our attention by the Attorney General on petition for rehearing that the record was incomplete on that question and that the trial court had adjudicated the question, and asked leave to supplement the record to make it speak the truth.

█ This Court has repeatedly held that where on appeal the record is incomplete, the Criminal Court of Appeals may at any time order the record to be supplemented by any parts necessary to a fair consideration of the issues involved. Lambe v. State, 27 Okl.Cr. 156, 225 P. 572; Hodges v. State, 16 Okl.Cr. 183, 182 P. 260, and numerous other cases. On January 22, 1959, it was ordered by Judge John C. Powell, Presiding Judge, that the record be supplemented to show the alleged adjudication. Thereafter, on February 3, 1959, a supplement to the casemade was filed in this Court disclosing the trial court's adjudication thereof on February 10, 1958. It appears that neither of the appellant's present counsel were representing the appellant at the time of the said adjudication. The matter was presented to this Court on the casemade as it appeared to them in its form before supplementation. The record lends credence to this position, as at no time after the trial court had adjudicated the question of the appellant's sanity, as to whether sufficient to raise a doubt in the trial court's mind, was the question ever again raised until the perfection of the within appeal.

█ It now clearly appears from the supplemental record that the premise upon which this Court's original opinion was based is without merit, the appeal being brought here on an incomplete record, erroneously certified as being full and complete, which, as now supplemented, leaves the appeal without foundation, either in law or in fact.

The petition for rehearing is granted, the previous opinion in this cause rendered January 14, 1959, is withdrawn, and the judgment and sentence is affirmed.

POWELL, P. J., and NIX, J., concur.